UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESPLER & TEITELBAUM MD PC PSP,

        Plaintiff,

v.

MAXAR TECHNOLOGIES INC., HOWELL M. ESTES, III, NICK S. CYPRUS, ROXANNE J. DECYK, JOANNE O. ISHAM, DANIEL L. JABLONSKY, C. ROBERT KEHLER, GILMAN LOUIE, L. ROGER MASON, JR., HEATHER A. WILSON, ERIC J. ZAHLER, and EDDY ZERVIGON,

        Defendants.

Case No. _____

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

---

Plaintiff Respler & Teitelbaum MD PC PSP ("Plaintiff"), on behalf of itself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through its counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for its Complaint:

**NATURE AND SUMMARY OF THE ACTION**

1. Plaintiff brings this action against Maxar Technologies Inc. ("Maxar Technologies" or the "Company") and the members of Maxar Technologies' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to funds advised by Advent International Corporation ("Advent") through their affiliates Galileo Parent, Inc. ("Parent") and Galileo Bidco, Inc. ("Merger Sub") (the "Proposed Transaction").

2. On December 16, 2022, Maxar Technologies announced that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, each Maxar Technologies stockholder will receive $53.00 in cash for each share of Maxar Technologies common stock they own.

3. On March 16, 2023, Maxar Technologies filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC. The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding Maxar Technologies' financial projections and the financial analyses that support the fairness opinions provided by the Company's financial advisor J.P. Morgan Securities LLC ("JPM"). Without additional information, the Proxy is materially misleading in violation of the federal securities laws.

4. The stockholder vote to approve the Proposed Transaction is forthcoming. Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Moreover, Maxar Technologies' common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Maxar Technologies.

9. Defendant Maxar Technologies is a Delaware corporation, with its principal executive offices located at 1300 West 120th Avenue, Westminster, Colorado 80234. The Company provides space solutions, and geospatial intelligence solutions in the United States, Asia, South America, Europe, the Middle East, Australia, Canada, and internationally. Maxar Technologies' common stock trades on the New York Stock Exchange under the ticker symbol "MAXR."

10. Defendant Howell M. Estes, III has served as Chairman of the Board since 2019, and a director of the Company since 2017.

11. Defendant Nick S. Cyprus has served as a director of the Company since 2017.

12. Defendant Roxanne J. Decyk has served as a director of the Company since 2019.

13. Defendant Joanne O. Isham has served as a director of the Company since 2016.

14. Defendant Daniel L. Jablonsky has served as President, Chief Executive Officer and a director of the Company since 2019.

15. Defendant C. Robert Kehler has served as a director of the Company since 2016.

16. Defendant Gilman Louie has served as a director of the Company since 2020.

17. Defendant L. Roger Mason, Jr. has served as a director of the Company since 2017.

18. Defendant Heather A. Wilson has served as a director of the Company since 2021.

19. Defendant Eric J. Zahler has served as a director of the Company since 2014.

20. Defendant Eddy Zervigon has served as a director of the Company since 2019.

21. Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants."

22. Relevant non-party Advent is one of the largest and most experienced global private equity investors. Advent has invested in over 400 private equity investments across 41 countries, and as of September 30, 2022, had $89 billion in assets under management. Advent focuses on investments in five core sectors, including business and financial services; health care; industrial; retail, consumer and leisure; and technology. This includes investments in defense, security and cybersecurity as well as critical national infrastructure.

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company and the Proposed Transaction**

23. Maxar Technologies is a provider of comprehensive space solutions and secure, precise, geospatial intelligence. The Company delivers disruptive value to government and commercial customers to help them monitor, understand and navigate our changing planet; deliver global broadband communications; and explore and advance the use of space. Maxar's unique approach combines decades of deep mission understanding and a proven commercial and defense

foundation to deploy solutions and deliver insights with unrivaled speed, scale and cost effectiveness. Maxar's 4,400 team members in over 20 global locations are inspired to harness the potential of space to help Maxar's customers create a better world.

24. On December 16, 2022, Maxar Technologies issued a press release announcing the Proposed Transaction, which states, in relevant part:

> WESTMINSTER, Colo. & BOSTON--(BUSINESS WIRE)-- Maxar Technologies (NYSE:MAXR) (TSX:MAXR) ("Maxar" or the "Company"), provider of comprehensive space solutions and secure, precise, geospatial intelligence, today announced that it has entered into a definitive merger agreement to be acquired by Advent International ("Advent"), one of the largest and most experienced global private equity investors, in an all-cash transaction that values Maxar at an enterprise value of approximately $6.4 billion. Advent is headquartered in the United States and has a demonstrable track record as a responsible owner of defense and security businesses. Following the close of the transaction, Maxar will remain a U.S.-controlled and operated company.
>
> Under the terms of the definitive merger agreement, Advent has agreed to acquire all outstanding shares of Maxar common stock for $53.00 per share in cash. The purchase price represents a premium of approximately 129% over Maxar's closing stock price of $23.10 on December 15, 2022, the last full trading day prior to this announcement, an approximately 135% premium to the 60-day volume-weighted average price prior to this announcement, and a premium of approximately 34% over Maxar's 52-week high.
>
> Following the closing of the transaction, Maxar will benefit from the significant resources, operational expertise and capacity for investment provided by Advent. As a private company, Maxar will be able to accelerate investments in next-generation satellite technologies and data insights that are vital to the Company's government and commercial customers, as well as pursue select, strategic M&A to further enhance the Company's portfolio of solutions. This includes supporting the successful delivery of the new Legion satellite constellation, accelerating the launch of Legion 7 and 8 satellites and further growing the Earth Intelligence and Space Infrastructure businesses through investments in next-generation capabilities, such as advanced machine learning and 3D mapping. With approximately $28 billion invested across the defense, security and cybersecurity sectors in the last three years, Advent's portfolio companies have substantial expertise supporting many satellite and defense platforms which serve the U.S. government and its allies as well as companies across the globe.

"This transaction delivers immediate and certain value to our stockholders at a substantial premium," said General Howell M. Estes, III (USAF Retired), Chair of Maxar's Board of Directors. "Maxar's mission has never been more important, and this transaction allows us to maximize value for stockholders while accelerating the Company's ability to deliver its mission-critical technology and solutions to customers over the near and long term."

"Today's announcement is an exceptional outcome for stockholders and is a testament to the hard work and dedication of our team, the value Maxar has created and the reputation we have built in our industry," said Daniel Jablonsky, President and CEO of Maxar. "Advent has a proven record of strengthening its portfolio companies and a desire to support Maxar in advancing our long-term strategic objectives. As a private company, we will have enhanced flexibility and additional resources to build on Maxar's strong foundation, further scale operations and capture the significant opportunities in a rapidly expanding market."

"We have tremendous respect and admiration for Maxar, its industry-leading technology and the vital role it serves in supporting the national security of the United States and its allies around the world," said David Mussafer, Chairman and Managing Partner of Advent. "We will prioritize Maxar's commitment as a core provider to the U.S. defense and intelligence communities, and allies, while providing Maxar with the financial and operational support necessary to apply its technology and team members even more fully to the missions and programs of its government and commercial customers."

"In our view, Maxar is a uniquely positioned and attractive asset in satellite manufacturing and space-based high-resolution imagery, with an incredible workforce and many opportunities ahead," said Shonnel Malani, Managing Director and global head of Advent's aerospace and defense team. "We have strong conviction in the growing need for the differentiated solutions Maxar provides, and our goal is to invest in expanding Maxar's satellite constellation as well as supporting Maxar's team to push the boundaries of innovation, ensuring mission success for its customers."

**Transaction Details**

Under the terms of the agreement, which has been unanimously approved by Maxar's Board of Directors, Maxar stockholders will receive $53.00 in cash for each share of common stock they own.

Advent has arranged committed debt and equity financing commitments for the purpose of financing the transaction, providing a high level of closing certainty. Funds advised by Advent have committed an aggregate equity contribution of $3.1 billion and British Columbia Investment Management Corporation ("BCI") is providing a minority equity investment through a committed aggregate equity

contribution equal to $1.0 billion, both on the terms and subject to the conditions set forth in the signed equity commitment letters.

The agreement includes a 60-day "go-shop" period expiring at 11:59 pm EST on February 14, 2023. During this period, the Maxar Board of Directors and its advisors will actively initiate, solicit and consider alternative acquisition proposals from third parties. The Maxar Board will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and Maxar does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or otherwise required. The Company, Advent and BCI will contemporaneously pursue regulatory reviews and approvals required to conclude the transaction.

The transaction is expected to close mid-2023, subject to customary closing conditions, including approval by Maxar stockholders and receipt of regulatory approvals. The transaction is not subject to any conditionality related to the launch, deployment or performance of Maxar's WorldView Legion satellite program. Upon completion of the transaction, Maxar's common stock will no longer be publicly listed. It is expected that Maxar will continue to operate under the same brand and maintain its current headquarters in Westminster, Colorado.

The foregoing description of the merger agreement and the transactions contemplated thereby is subject to, and is qualified in its entirety by reference to, the full terms of the merger agreement, which Maxar will be filing on Form 8-K.

**Advisors**

J.P. Morgan Securities LLC is serving as financial advisor to Maxar and Wachtell, Lipton, Rosen & Katz is serving as lead counsel to Maxar. Milbank LLP is serving as Maxar's legal advisor with respect to certain space industry and regulatory matters.

Goldman Sachs & Co. LLC and Morgan Stanley & Co. LLC are serving as financial advisors to Advent and Weil, Gotshal & Manges LLP is serving as lead counsel to Advent. Covington & Burling LLP is serving as Advent's legal advisor with respect to certain regulatory matters.

Skadden, Arps, Slate, Meagher & Flom LLP is serving as lead counsel to BCI. Freshfields Bruckhaus Deringer LLP is serving as BCI's legal advisor with respect to certain regulatory matters.

**The Proxy Misleads Maxar Technologies Stockholders by Omitting Material Information**

25. On March 16, 2023, Maxar Technologies filed the materially misleading and incomplete Proxy with the SEC. Designed to convince Maxar Technologies' stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning: Maxar Technologies' financial projections and the financial analyses performed by the Company's financial advisor JPM.

***Material Omissions Concerning Maxar Technologies' Financial Projections and JPM's Financial Analyses***

26. The Proxy fails to disclose material information concerning the Company's financial projections.

27. For example, the Proxy fails to disclose all line items underlying the Company's financial projections, including (i) Adjusted EBITDA and (ii) Unlevered Free Cash Flow.

28. The Proxy also omits material information regarding JPM's financial analyses.

29. The Proxy describes JPM's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of JPM's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Maxar Technologies' public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on JPM's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal. This omitted information, if disclosed, would significantly alter the total mix of information available to Maxar Technologies' stockholders.

30. With respect to JPM's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates of 9.0% to 11.0%; (ii) the terminal values; (iii) Maxar's net debt; (iv) the value of certain tax credits expected to be utilized by Maxar through fiscal year 2027 and beyond; and (v) the fully diluted capitalization of Maxar.

31. With respect to JPM's *Selected Transactions Multiples Analysis* and *Public Trading Multiples Analysis*, the individual multiples and financial metrics for each of the selected transactions and companies analyzed by JPM.

32. The omission of this information renders certain portions of the Proxy materially misleading, including, inter alia, the following sections of the Proxy: "Certain Financial Projections" and "Opinion of J.P. Morgan Securities LLC"

33. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

34. Plaintiff repeats all previous allegations as if set forth in full.

35. During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

36. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy. The Proxy was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and JPM's financial analyses. The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

38. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

39. Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

40. Plaintiff repeats all previous allegations as if set forth in full.

41. The Individual Defendants acted as controlling persons of Maxar Technologies within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Maxar Technologies, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein and exercised the same. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

44. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

45. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Maxar Technologies stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in its favor on behalf of Maxar Technologies, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 20, 2023

**OF COUNSEL:**

**MCKAY LAW**
Michael McKay
5635 N. Scottsdale Road
Suite 170
Scottsdale, AZ 85250
Tel: (480) 681-7000
Fax: (480) 348-3999
Email: mmckay@mckaylaw.us

*Attorneys for Plaintiff*

**WEISS LAW**

By _____
Michael Rogovin
476 Hardendorf Ave. NE
Atlanta, GA 30307
Tel: (404) 692-7910
Fax: (212) 682-3010
Email: mrogovin@weisslawllp.com

*Attorneys for Plaintiff*